UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| L.G. BROWN, )<br>)<br>    Plaintiff, )<br>)<br>v.  )<br>)<br>SAFEWAY, )<br>)<br>    Defendant. ) | Civil Action No. 1:25-cv-02625 (UNA) |

### MEMORANDUM OPINION

This matter is before the Court on its initial review of Plaintiff's *pro se* Complaint ("Compl."), ECF No. 1, and Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No 2. The Court grants Plaintiff's IFP Application and, for the reasons discussed below, it dismisses this matter without prejudice.

Plaintiff, a resident of the District of Columbia, sues Safeway Supermarkets, headquartered in California. *See* Compl. at 1. He alleges that he has endured mistreatment, more than once, at a Safeway store location in Capitol Hill. *See id.* at 1–6. First, in November 2024, a cashier allegedly falsely accused Plaintiff of shoplifting cleaning supplies. *See id*. at 1–3. Plaintiff was embarrassed by the accusation, particularly because he was accompanied by his neighbor that day. *See id.* at 3. He later complained to the store manager about the incident, and the manager insinuated that he would escalate Plaintiff's complaint up the chain regionally, but the manager allegedly delayed in following through. *See id.* at 2–4. After an investigation, Safeway denied Plaintiff's claim. *See id.* at 4, 6. The offending cashier was ultimately transferred to another store—an action that Plaintiff finds suspicious. *See id*. at 4.

Second, Plaintiff alleges that, on May 2, 2025, while he was at self-checkout, a Safeway employee told him that he "better get out of [the store] before [he] gets[s] hurt," which he perceived

as a threat. *See id.* at 4–6. He complained to the acting store manager about this incident, but he alleges that she did not assist him to his satisfaction, and he did not receive any compensation, though the offending employee was later fired. *See id.* Plaintiff alleges that these actions constitute intentional infliction of emotional distress ("IIED"), and he demands $45 million in damages. *See id.* at 5.

The subject-matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented, *id.* § 1331, or the parties are of diverse citizenship and the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs," *id.* § 1332(a). A party seeking relief in the district court must at least plead facts that bring the suit within the Court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff has not stated a federal question. *See* 28 U.S.C. § 1331. He does not invoke any authority that provides a federal cause of action, nor can the court independently discern any basis for federal question jurisdiction from the facts given in the Complaint. *See Johnson v. Robinson*, 576 F.3d 522, 522 (D.C. Cir. 2009) (per curiam) ("[F]ederal court jurisdiction must affirmatively appear clearly and distinctly.") (quoting *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir.1990) (per curiam)). Therefore, the Court presumes that Plaintiff relies on diversity jurisdiction, given that he resides in the District, and the Defendant is located in California. *See* Compl. at 1. Notwithstanding the ostensible diversity of the parties, Plaintiff has nonetheless fallen short of stating a claim.

To state a claim of IIED, a plaintiff must allege "(1) extreme and outrageous conduct on the part of the defendant which (2) intentionally or recklessly (3) causes the plaintiff [to suffer]

severe emotional distress." *Ortberg v. Goldman Sachs Grp.*, 64 A.3d 158, 163 (D.C. 2013).  IIED claims must meet a high bar indeed, or face dismissal as a matter of law.  *Kowalevicz v. United States,* 302 F. Supp. 3d 68, 76 (D.D.C. 2018).  A plaintiff must establish that alleged conduct is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." *Jackson v. Dist. of Columbia*, 412 A.2d 948, 956–57 (D.C. 1980); *Wood v. Neuman*, 979 A.2d 64, 77 (D.C. 2009) (the alleged conduct must "be regarded as atrocious, and utterly intolerable in a civilized community.").  In other words, a plaintiff may not recover under this tort simply because a defendant's conduct causes him mental distress; he must allege more than "insults, indignities, threats, annoyances" or offensive or unfair treatment, *Crowley v. North Am. Telecommun. Ass'n*, 691 A.2d 1169, 1171–72 (D.C. 1997), and here, the allegations fall squarely into that category.

Put differently, the instant IIED claim "has not been adequately pled." *Kowalevicz*, 302 F. Supp. 3d at 76.  Although Plaintiff invokes buzzwords for the alleged actions, like "egregious" and "horrific," *see* Compl. at 1, 4, they are not enough to make out an IIED claim, *see Delaine v. USPS*, No. 05-1751, 2006 WL 2687019, at *2 (D.D.C. Sept. 19, 2006).  Plaintiff has fallen well short of alleging that the employees' conduct, and Defendant's treatment and denial of his claims, approached the legal definition of "extreme" and "outrageous."  *See Crowley*, 691 A.2d at 1172.  And, in light of the allegations presented and the alleged injury sustained, Plaintiff's claim for $45 million in damages is frivolous.  *See Shells v. NRA*, 2023 WL 11658586, at *1 (D.D.C. Sept. 13, 2023) (dismissing complaint for lack of subject matter jurisdiction where plaintiff demanded a "frivolous amount" in damages and made "no other attempt to quantify damages[.]") (citing *Carroll v. Merriwether*, 921 F. Supp. 828, 830 (D.D.C. 1996) (dismissing complaint dismissing

complaint for lack of subject matter jurisdiction where plaintiff's alleged amount in controversy was "utterly frivolous")).

For all of these reasons, this case is dismissed without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); Fed. R. Civ. P. 12(h)(3). A separate Order accompanies this Memorandum Opinion.

Date: November 13, 2025

TREVOR N. McFADDEN
United States District Judge